JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BETTY J. SCOTT TORRES, et al.,

                    Plaintiffs,

     v.

NATIONAL GENERAL INSURANCE
COMPANY, et al.,

                Defendants.

Case No. 5:21-cv-01774-FLA (KKx)

**ORDER GRANTING PLAINTIFFS'
MOTION TO REMAND [DKT. 10]**

## RULING

Before the court is Plaintiffs Cornelius Shivers ("Shivers") and Maya
Gaiterbriton's ("Gaiterbriton") (collectively, "Plaintiffs") Motion to Remand
("Motion"). Dkt. 10 ("Mot."). Defendant Integon National Insurance Company
("Integon") opposes the Motion. Dkt. 12 ("Opp'n").[1] On January 10, 2022, the court
found this matter appropriate for resolution without oral argument and vacated the
hearing set for January 14, 2022. Dkt. 17; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

---

[1] It is unclear whether Defendant National General Insurance Company ("National")
also opposes the Motion, as Integon is the only Defendant named in the caption of the
Opposition brief. *See* Dkt. 12 at 1.

For the reasons stated herein, the court GRANTS the Motion and REMANDS Plaintiffs Shivers and Gaiterbriton's claims to the San Bernardino County Superior Court.

## **BACKGROUND**

Plaintiffs filed this action in the San Bernardino County Superior Court on September 10, 2021.  Dkt. 1, Ex. 1 ("Compl.").[2]  In the Complaint, Plaintiffs allege they purchased automobile insurance policies from Defendants National and Integon.  Compl. ¶ 6.  The policies provide that in the event of an automobile accident, Defendants would (1) pay Plaintiffs the amount of collision damages less deductibles and (2) cover Plaintiffs' liability to third parties.  *Id*. ¶ 7.  According to Plaintiffs, when they submitted insurance claims to Defendants after experiencing automobile accidents, Defendants refused to pay or reimburse Plaintiffs for their losses and instead cancelled Plaintiffs' policies, claiming they had made material misrepresentations by not disclosing the named insured lived with family members, relatives, and/or other household members.  *Id*. ¶ 9.  In the Complaint, Plaintiffs assert three causes of action each for: (1) breach of the implied covenant of good faith and fair dealing, (2) unfair business practices under Cal. Bus. & Prof. Code, §§ 17200– 17210 (the Unfair Competition Law, "UCL"), and (3) breach of contract.  *Id*. ¶¶ 334– 52, 448–66.  Plaintiffs seek special and general damages, restitution, consequential damages, attorney's fees, and punitive damages.  Compl., Prayer for Relief.

On October 19, 2021, Defendants filed a Notice of Removal, invoking this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 ("Section 1332").  Dkt. 1 ("NOR") ¶ 3.  Plaintiffs move to remand the action to the San Bernardino County

---

[2] The Complaint originally asserted claims on behalf of twenty-five Plaintiffs.  *See generally* Compl.  On January 10, 2022, the court severed the claims of twenty-three Plaintiffs and remanded those claims to the San Bernardino County Superior Court, pursuant to a stipulation by the parties.  Dkts. 16, 17.  The subject Order concerns only the claims of the remaining Plaintiffs, Shivers and Gaiterbriton.

1   Superior Court, arguing that the amount in controversy for each Plaintiffs' claims does

2   not exceed the jurisdictional minimum required under Section 1332.  *See generally*

3   Mot.

4                                           **DISCUSSION**

5   **I.      Legal Standard**

6          A defendant may remove an action from state court to federal court if the

7   plaintiff could have originally filed the action in federal court.  *See* 28 U.S.C.

8   § 1441(a).  Under Section 1332(a), a district court has original jurisdiction over a civil

9   action where (1) the amount in controversy exceeds the sum or value of $75,000,

10   exclusive of interest and costs, and (2) the dispute is between "citizens of different

11   States."

12          Removability is determined based on the removal notice and the complaint as it

13   existed at the time of removal.  *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

14   The removing party need only include a "short and plain statement" setting forth "a

15   plausible allegation that the amount in controversy exceeds the jurisdictional

16   threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83, 89

17   (2014).  "In determining the amount in controversy, courts first look to the

18   complaint."  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

19   "The amount in controversy is simply an estimate of the total amount in dispute, not a

20   prospective assessment of [the] defendant's liability."  *Lewis v. Verizon Commc'ns,

21   Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

22          "[I]n assessing the amount in controversy, a court must assume that the

23   allegations of the complaint are true and assume that a jury will return a verdict for the

24   plaintiff on all claims made in the complaint."  *Campbell v. Vitran Express, Inc.*, 471

25   Fed. App'x 646, 648 (9th Cir. 2012) (citation omitted).  When a complaint alleges on

26   its face "damages in excess of the required jurisdictional minimum," the amount

27   pleaded controls unless it appears "to a legal certainty" that the claim is for less than

28

the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 402–03 (9th Cir. 1996).

"Removal statutes are to be 'strictly construed' against removal jurisdiction." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012). "Where … it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citation omitted). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[T]he separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." *Snyder v. Harris*, 394 U.S. 332, 335 (1969).

## II.  Analysis

Defendants removed this action invoking this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See generally* NOR. Plaintiffs do not dispute there is complete diversity of citizenship between the parties. *See generally* Mot.; *see also* Dkt. 16 at 8.[3] The parties' sole dispute is whether each Plaintiff's claims satisfy the amount in controversy requirement. Because the amount in controversy is unclear from the face of the Complaint, Defendants bear the burden of demonstrating by a preponderance of the evidence that the amount in controversy is satisfied for Gaiterbriton and Shivers' individual claims. *See Lewis*, 627 F.3d at 397.

Defendant Integon argues the amounts in controversy for these Plaintiffs'

---

[3] The court cites documents by the page numbers added by the CM/ECF system, rather than the page numbers listed within the documents.

1   claims exceed the $75,000 jurisdictional minimum, considering the damages,

2   prejudgment interest, attorney's fees, punitive damages, and relief under the UCL

3   claimed.  Opp'n at 9–10; Dkt. 16 at 10–13.  The court will address Defendant's

4   arguments regarding each Plaintiff separately.

5        First, Integon estimates Plaintiff Shivers suffered $20,800 in damages to his

6   vehicle. Dkt. 16 at 12 (citing "Austin Decl., ¶ 5, Exh. 3").  Defendant, however, did

7   not produce evidence supporting this estimation.  The only declaration filed by

8   Defendant's counsel, Tyler R. Austin, does not contain the paragraph or exhibit cited.

9   *See* Dkt. 12-1.  Accordingly, Defendant fails to meet its burden to establish that the

10  amount in controversy is satisfied with respect to Plaintiff Shivers' claims.  *See Lewis*,

11  627 F.3d at 397.  The court, therefore, GRANTS the Motion with respect to this

12  Plaintiff.

13       Second, Integon estimates Gaiterbriton suffered $11,593.86 in damages to her

14  vehicle, as well as $15,552.84 in damages to a third party's vehicle, for total estimated

15  damages of $27,146.70.  Dkt. 12-1 ("Austin Decl.") ¶ 4, Exs. 1 & 2.  Integon further

16  argues that if Gaiterbriton succeeds on her claims, she "would be entitled to interest

17  on her contract damages at 10% per annum," which Integon argues would add

18  approximately $7,200 in interest to the amount in controversy.  Opp'n at 9; Dkt. 16 at

19  12.  For purposes of diversity jurisdiction, the amount in controversy must exceed

20  $75,000 "exclusive of interest and costs."  28 U.S.C. § 1332(a).  As such, the court

21  does not consider interest in calculating the amount in controversy for Gaiterbriton's

22  claims, and Defendant's argument regarding interest fails.

23       Integon also contends the amount in controversy must be increased because the

24  Complaint alleges Gaiterbriton "has and will continue to incur attorney's fees in the

25  prosecution of [her claims]," and additionally seeks punitive damages and "broad

26  relief" under the UCL.  Opp'n at 9–10.  Defendant Integon does not provide a specific

27  estimate of Gaiterbriton's potential attorney's fees or punitive damages, and argues

28  instead that that "[*i*]f Gaiterbriton's attorneys' fees total just $3,330," this amount,

1  plus punitive damages "of just one times actual damages," would result in an amount
2  in controversy exceeding $75,000. *Id.*

3  Courts in the Ninth Circuit "require a removing defendant to prove that the
4  amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold
5  by a preponderance of the evidence." *Fritsch*, 889 F.3d at 795. "A district court may
6  reject the defendant's attempts to include future attorneys' fees in the amount in
7  controversy if the defendant fails to satisfy this burden of proof." *Id.* Defendant's
8  estimate that Plaintiff could incur sufficient attorney's fees to exceed the jurisdictional
9  minimum is speculative. Absent specific evidence supporting an estimate of the
10  attorney's fees that are reasonably likely to be incurred, the court will not include
11  Gaiterbriton's anticipated attorney's fees in the amount in controversy calculation.
12  *See Sanchez*, 102 F.3d at 404 ("[T]he removing defendant bears the burden of
13  establishing, by a preponderance of the evidence, that the amount in controversy
14  exceeds [the jurisdictional amount]. Under this burden, the defendant must provide
15  evidence establishing that it is 'more likely than not' that the amount in controversy
16  exceeds that amount."); *Fisher v. HNTB Corp.*, No. 2:18-cv-08173-AB (MRWx),
17  2018 WL 6323077, at *6 (C.D. Cal. Dec. 3, 2018) (rejecting defendants' estimation of
18  plaintiff's anticipated attorney's fees for failure to provide supporting evidence).

19  With respect to Gaiterbriton's request for punitive damages, "[i]t is well
20  established that punitive damages are part of the amount in controversy in a civil
21  action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (citations
22  omitted). However, a removing defendant must still demonstrate the amount of
23  controversy exceeds the jurisdictional minimum by a preponderance of the evidence.
24  As with Defendant's argument regarding attorney's fees, Integon fails to submit any
25  evidence to support its estimation of Gaiterbriton's potential recoverable punitive
26  damages.

27  Integon appears to cite *Johnson v. Ford Motor Co.*, 35 Cal. 4th 1191 (2005),
28  and *Wysinger v. Automobile Club of Southern California*, 157 Cal. App. 4th 413

(2007), to argue that courts have upheld punitive damages awards in connection with automobile insurance claims.  Opp'n 10.  Defendant, however, does not explain how the cases cited are similar to the subject action, or present any evidence to establish punitive damages "of just one times actual damages" constitutes a reasonable estimate of Gaiterbriton's potential punitive damages.  Neither of the cited cases concern diversity jurisdiction or the evidence needed for a court to include an estimate of punitive damages in determining the amount in controversy.  Accordingly, the court will not consider Integon's proposed punitive damages of "just one times actual damages" in determining the amount in controversy.  However, even if the court were to accept arguendo that Integon's proposed one-times multiplier comprised a reasonable estimate of Plaintiff's punitive damages claim, actual damages of $27,146.70 combined with punitive damages of the same amount would only come to a total of $54,293.40, and would not be sufficient to meet the $75,000 jurisdictional minimum.  Defendant's argument, thus, fails.

Finally, Integon contends Gaiterbriton's "UCL claim[] alone satisf[ies] the amount in controversy requirement, and the amount in controversy is certainly met when the UCL claim is added to the other damages sought in the complaint."  Opp'n at 10; Dkt. 16 at 13.  Defendant notes the Complaint alleges "Integon's unfair business practices saved 'millions of dollars by not paying covered claims,' and she seeks disgorgement of these profits."  Dkt. 16 at 11 (citing Compl. ¶¶ 458, 461).

Integon does not present any argument or cite any legal authority to establish that Gaiterbriton has a reasonable likelihood of recovering sufficient restitution under her UCL claim to exceed the jurisdictional minimum for diversity jurisdiction.[4]  The

---

[4] "While the scope of conduct covered by the UCL is broad, its remedies are limited. A UCL action is equitable in nature; damages cannot be recovered."  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) (citations omitted); *Adir Int'l, LLC v. Starr Indem. & Liab. Co*., 994 F.3d 1032, 1043 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 861 (2022) ("Equitable remedies (injunctive relief, restitution, and

fact that Plaintiffs have sought disgorgement of profits under the UCL is alone insufficient to establish that "millions of dollars" are at issue in the subject action or on Gaiterbriton's claims.  Defendant's argument, thus, fails.

In sum, the evidence presented by Defendant Integon is only sufficient to establish that $27,146.70 is in controversy on Plaintiff Gaiterbriton's claims.  Integon fails to present evidence to establish that any specific amount is in controversy with respect to Plaintiff Shivers' claims.  Integon, thus, fails to establish by a preponderance of the evidence that the amount in controversy for Plaintiffs' claims exceeds the jurisdictional minimum of $75,000.  Accordingly, the court GRANTS Plaintiffs' Motion in its entirety.

## **CONCLUSION**

For the foregoing reasons, the court GRANTS Plaintiffs' Motion to Remand and REMANDS this action and Plaintiffs Gaiterbriton and Shivers' claims to the San Bernardino County Superior Court, Case Number CIV SB 2124803.  The Clerk of the Court shall administratively close the action.

IT IS SO ORDERED.

Dated: January 23, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge

civil penalties) are the only remedies available under [the UCL].").  "Injunctions are the primary form of relief available under the UCL to protect consumers from unfair business practices, while restitution is a type of ancillary relief." *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 337 (2011) (citation omitted).